NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUDY SZWANEK; JAMES LOPEZ II, individually and on behalf of all others similarly situated, | No. 20-16942 |
| | D.C. No. 3:20-cv-02953-WHA |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| JACK IN THE BOX, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted October 18, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,** International
Trade Judge. Dissent by Judge WATFORD.

Judy Szwanek and James Lopez II, who are both legally blind, claim that Jack

in the Box violated Title III of the Americans with Disabilities Act (ADA) and the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Unruh Civil Rights Act by closing inside seating at night in two of its restaurants and serving food solely through drive-through windows that are available only to customers in motor vehicles. The district court granted Jack in the Box's motion to dismiss the operative complaint in this putative class action. We affirm.

1. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). There is no dispute that Szwanek and Lopez are disabled, nor that Jack in the Box restaurants are "place[s] of public accommodation." The only issue is whether Szwanek and Lopez were denied accommodations "because of" their blindness.

A facially neutral policy, like the one at issue here, violates the ADA only if it burdens a plaintiff "in a manner different and greater than it burdens others." *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996). The operative complaint does not plausibly allege that the Jack in the Box policy did so. The refusal to serve food to pedestrians at drive-through windows does not impact blind people differently or in a greater manner than the significant population of non-disabled people who lack access to motor vehicles. If these non-disabled individuals wish to purchase food at Jack in the Box restaurants when the dining rooms are closed, they

2

face precisely the same burden as blind people—they must arrive at the drive-through window in a vehicle driven by someone else.

2. *Crowder* is not to the contrary. At issue in that case was a Hawaii policy requiring a 120-day quarantine for all dogs entering the state. *Id*. at 1481–1482. In finding the policy violated Title II of the ADA, we stressed that

> Although Hawaii's quarantine requirement applies equally to all persons entering the state with a dog, its enforcement burdens visually-impaired persons in a manner different and greater than it burdens others. Because of the unique dependence upon guide dogs among many of the visually-impaired, Hawaii's quarantine effectively denies these persons—the plaintiffs in this case—meaningful access to state services, programs, and activities while such services, programs, and activities remain open and easily accessible by others.

*Id*. at 1484. We also noted the legislative history and governing regulations made clear that "the general intent of Congress" in enacting the ADA was "to ensure that individuals with disabilities are not separated from their service animals." *Id*. at 1485 (cleaned up).

Here, in contrast, the Jack in the Box policy burdens the plaintiffs in precisely the same manner as non-disabled individuals who wish to purchase food when indoor dining is not available at the restaurants and do not drive or have access to motor vehicles. Nor do ADA regulations give special solicitude to those who wish to obtain takeout meals when restaurant dining rooms are closed. Finally, there is no indication in the legislative history that Congress meant to do so. The district court did not err in dismissing the operative complaint.

3

**AFFIRMED.**

*Szwanek v. Jack in the Box, Inc.*, No. 20-16942

WATFORD, Circuit Judge, dissenting:

I think the plaintiffs have alleged a viable claim for discrimination under Title III of the Americans with Disabilities Act (ADA), at least for purposes of surviving a motion to dismiss. I would therefore reverse and remand for further proceedings.

The ADA defines the concept of "discrimination" more broadly than other anti-discrimination statutes. Title III contains a general prohibition stating that no person "shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Key here is a provision that defines discrimination to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." § 12182(b)(2)(A)(ii).

This latter provision goes beyond merely requiring disabled patrons to be treated the same as non-disabled patrons. Indeed, in some situations, treating

disabled patrons the same as non-disabled patrons is the very conduct prohibited by this provision. As we noted in *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004), "the ADA defines discrimination as a public accommodation treating a disabled patron the same as other patrons despite the former's need for a reasonable modification." *Id.* at 1086. Thus, preferential treatment of the disabled is sometimes required by the ADA. *See, e.g., id.* (requiring movie theater to ensure that a disabled patron's companion could be seated next to him); *see also US Airways, Inc. v. Barnett*, 535 U.S. 391, 397 (2002) ("preferences will sometimes prove necessary to achieve the Act's basic equal opportunity goal").

In this case, it is true that Jack in the Box's policy is facially even-handed: All patrons, disabled or not, are required during certain hours to use the drive-thru to obtain access to the goods Jack in the Box offers. But that fact alone does not render Jack in the Box's policy non-discriminatory. "We have repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Crowder v. Kitagawa*, 81 F.3d 1480, 1484–85 (9th Cir. 1996). The drive-thru-only policy unduly burdens the blind because, as a result of their disability, they are unable to drive. It is irrelevant that other people are also unable to access

Jack in the Box's goods because they cannot drive for reasons not protected under the ADA. The blind (and others whose disabilities preclude them from driving) are entitled to a reasonable modification of the drive-thru-only policy because that is what's necessary to afford them "full and equal enjoyment" of the goods Jack in the Box offers. 42 U.S.C. § 12182(a); *see Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). Even if affording such an accommodation to the blind is regarded as "preferential" treatment, such accommodations "are not only contemplated by the ADA, they are required." *Fortyune*, 364 F.3d at 1086.

The remaining concerns Jack in the Box raises must be addressed at a later stage of the proceedings. The modifications plaintiffs request must of course be reasonable, taking into account the costs of such modifications, disruption of the entity's business, and safety concerns. *Baughman*, 685 F.3d at 1135; *Fortyune*, 364 F.3d at 1083. If the plaintiffs' requested modifications are ultimately found to be reasonable, Jack in the Box can still avoid liability if it shows that implementing the modifications would "fundamentally alter" the nature of the goods it provides. 42 U.S.C. § 12182(b)(2)(A)(ii). Those issues cannot be resolved in this case on a motion to dismiss, which is why the plaintiffs' claims should have been allowed to proceed.